Alfred A. Muhlbauer, Plaintiff, v. J. M. Kruzel, Individually and d/b/a J. M. Kruzel Certified Food Mart, Defendant.

J. M. Kruzel, Individually and d/b/a J. M. Kruzel Certified Food Mart, Third-Party Plaintiff, Appellant, v. Wilson and Company, Inc., a Foreign Corporation, Third-Party Defendant, Appellee.

Gen. No. 50,966.

First District, Second Division.

December 20, 1966.

Morrill and Koutsky and Robert A. Sprecher, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann, D. Kendall Griffith and Donald W. Garlinger, of counsel), for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Cook County dismissing the amended third-party complaint of appellant, J. M. Kruzel, doing business as J. M. Kruzel Certified Food Mart against third-party defendant-appellee Wilson and Company, Inc.

Briefly, the facts of this case are as follows: On September 25, 1964, the plaintiff, Alfred A. Muhlbauer, filed a complaint alleging that the appellant Kruzel owned and operated a retail grocery at 613 W. 31st Street in the City of Chicago; that on or about September 29, 1962, the appellant had hired, caused or permitted a clown (a giant of about eight feet in height) to distribute autographed photographs to the public while standing on the public sidewalk in front of appellant's store for the purpose of promoting business; and that the plaintiff was injured while on the sidewalk and exercising due care in the ensuing large crowd which gathered to see the

giant. Plaintiff further alleged in his complaint that the appellant was guilty of one or more of the following negligent acts or omissions:

"a. Carelessly and negligently hired, caused or permitted such person to dress as a clown and distribute autographed photographs to the public on said public sidewalk.

"b. Carelessly and negligently caused a crowd to gather on said public sidewalk which prevented the public from standing and/or walking freely, safely and unobstructed thereon.

"c. Carelessly and negligently failed to maintain proper supervision over and/or peace and order among the crowd which gathered on said public sidewalk.

"d. Carelessly and negligently failed to provide reasonable precautions for the personal safety of the public standing and/or walking upon and along said public sidewalk.

"e. Carelessly and negligently failed to maintain an area on said public sidewalk for the public to stand and/or walk upon and along freely, safely and unobstructed.

"f. Carelessly and negligently failed to give any warning to the public standing and/or walking upon and along said public sidewalk of the immediate danger and threat to their personal safety."

In his answer appellant admitted only that he owned the store and that the clown was in front of the store distributing photographs. Appellant denied that he hired or caused the clown to appear and distribute photographs or that he had caused anything to be done for the purpose of promoting the business of retail grocery and food mart.

On March 29, 1965, appellant filed an amended third-party complaint against appellee, Wilson and Company,

incorporating the complaint and answer and alleging that if the appellant performed any of the acts alleged in the complaint which were denied said acts were passive acts only and not active. Appellant further alleged that, "The third-party defendant (appellee here), Wilson and Company, Inc., a foreign corporation, did cause and had an agent, employee or servant, who was a giant of considerable height and dressed in a costume simulating a giant known a 'Corn King Giant' who was at said time and place standing in front of the premises occupied by the third-party plaintiff, and because of his unusual size and attire did cause a considerable crowd to gather in front of the premises occupied by the third party plaintiff that the third-party defendant was at said time and place in the process of promoting a product manufactured and distributed by the third-party defendant, and whose presence at said location was not at the request and invitation of the third-party plaintiff"; that the appellee was guilty of one or more of the six acts enumerated in the complaint; that if any injuries occurred they were caused by the active wrongful acts of the appellee, Wilson and Company; and that if the appellant were to be found liable the appellee owes appellant Kruzel indemnification for any amount which appellant may owe to the plaintiff, Alfred A. Muhlbauer.

Wilson and Company, the third-party defendant-appellee, moved to strike the amended third-party complaint which was granted by the trial court and which is the subject of this appeal.

Third-party practice is a relatively recent development in Illinois practice. The Illinois statute, c 110, § 25 (2), Ill Rev Stats (1965), provides in part as follows:

"Within the time for filing his answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him

346

for all or part of the plaintiff's claim against him. . . . Nothing herein applies to liability insurers or creates any substantive right to contribution among tortfeasors or against any insurer or other person which has not heretofore existed."

In the joint committee comments which follow this statute it is noted that our practice is similar to that of the federal courts under Rule 14, Federal Rules of Civil Procedure. The federal courts have not hesitated to dismiss third-party complaints when the third-party complaint does not state a cause of action. Shapiro v. Gulf M. & O. Ry., 256 F2d 193. Our courts have reached the same conclusion. Shulman v. Chrysler Corp., 31 Ill App 2d 168, 175 NE2d 590.

■ We are faced with a situation where on the face of the complaint, the existence of negligence or of a duty on the part of either the appellant or the appellee appears to be slight, but where, if there is negligence, it appears as if the appellee would have been the more logical subject for a lawsuit. It would seem that this would have been an appropriate situation for the appellant to have made a motion to strike the complaint under section 45 of the Civil Practice Act. However, in spite of the possibility that the appellant may eventually be held liable, we agree with the finding of the trial court that the amended third-party complaint was properly stricken for failure to state a cause of action for indemnity. From a reading of the cases, it seems that where indemnity is allowed in the absence of an express contract to indemnify, the person seeking indemnity has been placed in a position of potential liability by the act or omission of the person from whom he is seeking indemnification. Moreover, the acts of another do not impose liability on one unless some relationship between the parties or some circumstance imposes a nondelegable duty upon the passive party. Suvada v. White Motor Co., 32 Ill2d 612,

210 NE2d 182; D'Amico v. Moriarty Meat Co., 47 Ill App 2d 63, 197 NE2d 445; Blaszak v. Union Tank Car Co. 37 Ill App2d 12, 184 NE2d 808.

And, if a person is not under a nondelegable duty or is liable because of his own act or omission, he is precluded from seeking indemnity. Bohannon v. Joseph T. Ryerson & Son, Inc., 16 Ill App2d 402, 148 NE2d 602; Yankey v. Oscar Bohlin & Sons, Inc., 37 Ill App2d 457, 186 NE2d 57; Shulman v. Chrysler Corp., supra.

█ The amended third-party complaint demonstrates no relationship or circumstance which creates a nondelegable duty on Kruzel. On its face the amended third-party complaint alleges that a clown employed by Wilson caused a crowd to gather on the public sidewalk in front of the Kruzel store and caused injury to the plaintiff who was pushed, shoved and struck by the crowd while attempting to use the public sidewalk. Kruzel did not employ the clown or invite or request his presence. The occurrence did not occur on appellant's property, but on the public sidewalk, nor was the occurrence caused by a condition existing on Kruzel's premises or by an activity being carried thereon. There is no allegation that the appellant is subject to liability under a statute or ordinance. Nor is any nondelegable duty imposed on appellant by statute. Kruzel has not been exposed to liability because of a defective product supplied by appellee.

The cases cited by Kruzel are not in point, as they stand for the proposition that the indemnitee was under a nondelegable duty to the injured person and was exposed to liability by the act or omission of the indemnitor. In both D'Amico v. Moriarty Meat Co., supra, and Blaszak v. Union Tank Car Co., supra, the occurrence involved the property of the indemnitee, and the indemnitee was exposed to liability by an act or omission of the indemnitor who was on or was using the property. In Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346; Boston v. Old Orchard Business Dist., Inc.,

26 Ill App2d 324, 168 NE2d 52; Rovekamp v. Central Const. Co., 45 Ill App2d 441, 195 NE2d 756, the indemnitees were all subject to a nondelegable duty under either the Structural Work Act or the Federal Employers' Liability Act and were exposed to liability under these statutes by the acts or omissions of the indemnitors. And in Suvada v. White Motor Co., supra, the indemnitee was the supplier of a product and had a nondelegable duty to persons injured because of defective products which it supplied.

We reiterate that the amended third-party complaint contains no facts from which it can be concluded that the appellant had a nondelegable duty which exposed him to liability for acts or omissions of appellee, Wilson. For that reason the order of the trial court dismissing the amended third-party complaint is affirmed.

Order affirmed.

LYONS and BURKE, JJ., concur.