(No. 40495.—

ALFRED A. MUHLBAUER *vs.* J. M. KRUZEL.—(J. M. KRUZEL, Appellant, *vs.* WILSON AND COMPANY, INC., Appellee.)

*Opinion filed January 19, 1968.—Rehearing denied March 26, 1968.*

MORRILL AND KOUTSKY, and ROBERT A. SPRECHER, both of Chicago, for appellant.

HINSHAW, CULBERTSON, MOELMANN & HOBAN, of Chicago, (JOHN M. MOELMANN, D. KENDALL GRIFFITH, and DONALD W. GARLINGER, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The circuit court of Cook County sustained a motion to dismiss a third-party complaint, and entered judgment for the third-party defendant. The Appellate Court, First District, affirmed, (78 Ill. App. 2d 343,) and we granted leave to appeal.

The original action was brought by the plaintiff, Alfred

A. Muhlbauer, against the defendant, J. M. Kruzel, individually and doing business as J. M. Kruzel Certified Food Mart. The complaint alleged that "the defendant negligently hired, caused or permitted a person to dress as a clown and distribute autographed photographs of himself to the public standing upon and/or walking along the public sidewalk" in front of the defendant's store "for the purpose of promoting the business of said retail grocery and food market and/or a product or products sold therein, and drawing the public, in large numbers thereto." It alleged that the crowd which gathered obstructed free passage and endangered the safety of the public, and that the defendant "failed to maintain proper supervision over * * * the crowd", and failed to warn the public of danger, to provide an area in which the public could stand or walk with safety, and to take reasonable precautions for the safety of the public. It also alleged that the crowd constituted a nuisance to the public, and that "as a result of one or more of the foregoing negligent acts or omissions and/or nuisance", the plaintiff was knocked down and injured.

The defendant's answer admitted that he owned the store and that a person dressed as a clown was distributing photographs in front of it. It denied that the defendant "hired or caused" the clown to be present, denied that the defendant caused anything to be done to promote his business or any product sold in the store, and denied that he did anything to draw the public in large numbers to the store.

The defendant (hereinafter Kruzel) then filed his amended third-party complaint seeking indemnity from Wilson & Co., Inc., the third-party defendant. That complaint alleged that the acts which were alleged in the original complaint to have been performed by him were in fact performed by Wilson, and that any wrongful acts allegedly committed by him "were passive acts only and not active." The third-party complaint also alleged that Wilson had an employee who was a giant of considerable height and

dressed in a costume simulating a giant known as "Corn King Giant" who was standing in front of the store and caused a considerable crowd to gather; that Wilson was promoting a product which it manufactured and distributed; and that the presence of the clown was not at the request and invitation of Kruzel.

The circuit court dismissed the third-party complaint and entered a final judgment in favor of Wilson against Kruzel. It ruled that "if there was a finding of negligence against the third party plaintiff and in favor of the plaintiff said finding would be based upon the active negligence of the third party plaintiff," and that "the clown as described in the original complaint was acting for the mutual benefit of both the third party plaintiff and the third party defendant and the clown was present to induce customers to come into the store owned by the third party plaintiff."

The appellate court affirmed, holding that "the acts of another do not impose liability on one unless some relationship between the parties or some circumstance imposes a nondelegable duty upon the passive party," and that "the amended third-party complaint demonstrates no relationship or circumstance which creates a nondelegable duty on Kruzel." 78 Ill. App. 2d at 347, 348.

Section 25(2) of the Civil Practice Act permits a defendant to implead as a third-party defendant any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." (Ill. Rev. Stat. 1965, chap. 110, par. 25(2).) The purpose of this section is the same as that of Federal Rule 14 (see Committee Comments to section 25, S.H.A., chap. 110, par. 25(2), p. 249), which is "to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third party defendant." (3 Moore, Federal Practice,

par. 1404 (2d ed. 1964).) Section 25(2) was designed to avoid circuity of action and "to permit the determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence." *Miller* v. *DeWitt*, 37 Ill.2d 273, 287.

The original Federal Rule 14 authorized a defendant to implead "a person not a party to the action who is or may be liable *to him or to the plaintiff* for all or part of the plaintiff's claim against him." (Italics supplied.) (3 Moore Federal Practice, par. 14.01 (2d Ed. 1964).) Section 25(2) and the present Federal rule, however, permit a defendant to bring in only a person "who is or may be liable to him." The section is not a device for tendering a new defendant to the plaintiff, nor does it create substantive rights. Consequently, a third-party complaint will be dismissed if it fails to state a cause of action by the defendant against the third-party defendant.

In this State contributory negligence has precluded recovery in a tort action at least since 1894, when in *City of Lanark* v. *Dougherty*, 153 Ill. 163, 165, Mr. Justice Magruder stated for a unanimous court, "The doctrine of comparative negligence is no longer the law of this Court." (See, Green, *Illinois Negligence Law,* 39 Ill. L. Rev. at 36, 53.) And a negligent defendant has not been permitted to recover contribution from his joint tortfeasor in a third-party action under section 25(2). *Chicago and Illinois Midland Railway* v. *Evans Construction Co.,* 32 Ill.2d 600.

The doctrine of implied indemnity has been utilized to mitigate the harsh effects that could result from an inflexible application of this judicially created bar to contribution. (*Sargent* v. *Interstate Bakeries, Inc.,* (1967) 86 Ill. App. 2d 187.) "Where there is no right to contribution, obviously a defendant cannot implead a joint tort-feasor, unless he can show some other ground for a recovery over against the third party. But impleader may, nevertheless, be allowed where there is a question of fact as to whether the parties

are joint tort-feasors and thus *in pari delicto,* or whether the liability is primary and secondary, so that the defendant may be entitled to indemnity from the third party." 3 Moore, Federal Practice, par. 14.11 (2d Ed. 1964).

Numerous classifications of the various factual situations that give rise to this remedy have been proposed (see *e.g., Gulf, Mobile and Ohio Railroad Co.* v. *Arthur Dixon Transfer Co.,* 343 Ill. App. 148, 152-154; *Hendrickson* v. *Minnesota Power & Light Co.,* 258 Minn. 368, 104 N.W.2d 843, 848-50; Leflar, Contribution and Indemnity Between Tortfeasors, 81 U. Pa. L. Rev. 130, 146-47 (1932); Feirich, Third-Party Practice, 1967 Ill. L.F. 236, 242-43), but "where indemnity has been allowed, \* \* \* most frequently, perhaps, the conduct of the indemnitee is described as passive negligence, and that of the indemnitor as active negligence." *Chicago and Illinois Midland Railway* v. *Evans Construction Co.,* 32 Ill.2d 600, 603.

Wilson argues that the third party complaint was properly dismissed because, as the pleadings stand, either Kruzel is not liable to the plaintiff at all, or he is liable because of his own active negligence. Because a plaintiff may amend his complaint, even after trial, to conform the pleadings to the proof (Ill. Rev. Stat. 1965, chap. 110, par. 46), numerous decisions have emphasized the difficulty of determining, as a matter of law at the pleading stage, that "in no event" would the defendant have an action over against the third-party defendant. See, *Miller* v. *DeWitt,* 37 Ill.2d 273, 287-88, 292; *Sargent* v. *Interstate Bakeries, Inc.,* 86 Ill. App. 2d 187; *Campbell* v. *Joslyn Manufacturing and Supply Co.,* 65 Ill. App. 2d 344; *Reynolds* v. *Illinois Bell Telephone Co.,* 51 Ill. App. 2d 334; *Harvan* v. *Arthur C. Trask Co.,* 47 Ill. App. 2d 403, 408; *Blaszak* v. *Union Tank Car Co.,* 37 Ill. App. 2d 12.

We recognize that the policy of section 25(2) can be frustrated by a rigid and formal approach to the pleadings; nevertheless, a third-party complaint must disclose some re-

lationship upon which a duty to indemnify may be predicated. To establish such a relationship between Wilson and himself, Kruzel, in his statement of facts in this court, augments the allegations of his pleadings by adopting the view of the trial judge that the clown was acting for the benefit of both Kruzel and Wilson, and was present to induce customers to come into Kruzel's store. If those facts had been alleged by Kruzel it would be possible to discern potential relationships that would support a duty on the part of Wilson to indemnify Kruzel.

But no such facts were alleged, and, as the appellate court pointed out, the "amended third party complaint demonstrates no relationship or circumstance" that would give rise to a duty to indemnify. (78 Ill. App. 2d at 348.) Kruzel's effort appears to have been to divorce himself completely from any connection with Wilson. His pleadings do not admit that he sold a product distributed by Wilson. The only allegations that suggest that the two are not complete strangers state: "If the wrongful acts alleged to have been performed by third party plaintiff were in fact performed by third party plaintiff, which third party plaintiff has denied in his answer, said acts of third party plaintiff were passive acts only and not active. * * * If third party plaintiff is held liable for the injuries alleged in the complaint, it will not be on account of any wrongful acts on his part other than passive wrongful acts, but will be on account of the active wrongful acts of third party defendant." Section 43 of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 43) permits alternative or hypothetical averments of fact, but this hypothetical allegation asserts only the pleader's conclusion as to legal characterizations, without any facts to support that conclusion.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*