**Allen Ray Stevenson, et al., Plaintiffs-Appellants, v. Shane R. Maston, et al., Defendants-Appellees.**

**Gen. No. 68–45.**

Third District.
March 6, 1969.

Frank J. Galvin, Jr., and Kenneth M. Collinson, of Rock Island, for appellant.

Ira J. Melaas, Van der Kamp & Crampton, of Rock Island, for appellees.

STOUDER, P. J.

Plaintiffs-Appellants, Allen Stevenson a minor, by his father as next friend and his father individually, brought this action in the Circuit Court of Rock Island County seeking damages for personal injury against Shane Maston, Defendant-Appellee. The court directed verdicts in favor of defendant on the first two counts of the complaint based on malicious and wanton conduct. The third and fourth counts of the complaint based on negligence were submitted to the jury and resulted in verdicts of not guilty. Judgments were entered on the verdicts, post-trial motions of plaintiffs were denied, and the plaintiffs have appealed from such judgments.

On February 17, 1966, after school hours, Plaintiff, Allen Stevenson, Defendant Shane Maston and two companions went to the home of Shane Maston. Each of the four boys was eleven years of age and they were classmates in the sixth grade at the school which they attended. One of the purposes in going to Shane's house was to look at his chemistry set. After the boys arrived at Shane's house they went to the basement where the chemistry set was located. Shane's parents were not at home. While the other boys were looking at the chemistry set, Shane went to another room in the basement to get a can of denatured alcohol. He had purchased the alcohol at a local drugstore the previous week for use with his chemistry set. Shane poured a quantity of the alcohol into an empty plastic bleach container. He then returned to the room where the other boys were looking at the chemistry set and placed the container containing the alcohol on the floor. He then tried, unsuccessfully, to ignite the alcohol in the container by throwing matches into the container. As he was doing so the other two boys became alarmed, left the room and watched from the stairs. Allen, however, walked over to the area where Shane and the container were located and was standing about one and a half feet from

68

the container. The initial attempts to ignite the alcohol being unsuccessful, Shane ignited the balance of the book of matches and threw the book into the container at which time the alcohol did catch fire and flamed up about a foot above the container. As the flames were subsiding Shane drew back his foot, at the same time saying "here catch," and his foot struck the container of still flaming alcohol causing it to slide across the floor where it bumped Allen's foot, overturned and ignited Allen's pants. The boys ran upstairs where Shane extinguished the burning clothing by smothering it with a rug.

It appears that the group of boys had on many occasions played a game similar to one known as "flinch." This game involves conduct of surprise or threatening gesture designed to cause the other person to flinch in anticipation of something which does not happen. Shane testified that he did not intend to strike the container with his foot, that he intended only a gesture to induce Allen to flinch and that his foot struck the container accidently. Both Allen and Shane were familiar with the characteristics of denatured alcohol having used it in the performance of chemistry experiments.

As a result of the burns sustained by Allen, hospitalization and surgery were required, the special damages incident thereto being $1,800.

Plaintiffs assign as error first, the trial court improperly denied them leave to amend their complaint in order that it conform to the proof, second, that the trial court improperly directed verdicts on the counts based on malicious and wanton conduct and third, the court improperly denied their motion for a directed verdict on the issue of liability as well as their motions for judgment notwithstanding the verdict and for a new trial.

At the close of plaintiffs' case, an initial conference on instructions was held. During this conference the trial judge observed that one of plaintiffs' proposed in-

structions was based on willful and wanton conduct while the complaint alleged malicious and wanton conduct. Thereupon the plaintiffs orally moved to amend the complaint by substituting "willful" for "malicious" as alleged in the first two counts. The motion was denied and plaintiffs now claim such ruling was reversible error since the motion was made to conform the pleadings to the proof.

■■■ Chapter 110, section 46, Ill Rev Stats 1967, provides in substance that pleadings may be amended at anytime prior to final judgment. Granting or denying leave to amend is a matter within the discretion of the trial judge, and except where there is a clear or manifest abuse of that discretion, the decision of the trial judge will not be disturbed on appeal. Davidson v. Oliva, 18 Ill App2d 149, 151 NE2d 345. The liberal policy of permitting amendments to pleadings is in accord with the salutory principle that controversies ought to be settled on their merits in accord with the substantive rights of the parties. Before a trial judge can be deemed to have abused his discretion, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the trial judge's discretion. The materiality of the proposed amendments must either be apparent from the proceedings or made apparent to the trial judge by the party seeking the relief. McCartney v. McCartney, 8 Ill2d 494, 134 NE2d 789 and McLaughlin v. Pickerel, 381 Ill 574, 46 NE2d 368. Thus a trial judge cannot be said to have acted arbitrarily or abused his discretion with respect to matters not presented to him.

Plaintiffs amended their pleadings twice, the last amendments being about one week before trial. At the time they moved for permission to make the amendments, the ruling on which is now assigned as error, no claim was made that they were surprised or that some adverse ruling of the trial court affected any theory upon which

they were basing their case. Nor did they suggest to the trial court that their evidence tended to support some theory other than that alleged in their complaint.

■ In this court, plaintiffs argue that "willful" requires a lesser degree of culpability than "malicious" and that therefore if permission had been granted to make the amendments the likelihood of the first two counts of their complaint being submitted to the jury would have been increased. We believe it is sufficient to say that this argument was not made to the trial court and the record fails to demonstrate that plaintiffs' theory of the case was based on any such distinction or that they were deprived of the opportunity to present any theory tending to support their cause of action.

At the conference during which plaintiffs moved to amend their complaint, defendant moved for a directed verdict in his favor. The latter motion was taken under advisement by the trial court and when subsequently renewed, after presentation of defendant's evidence, the motion for directed verdicts on the first two counts was granted. It is significant to note that when the trial court made its final determination on defendant's motion for directed verdicts, plaintiffs made no suggestion that the evidence tended to support any other theory of recovery than that alleged in the complaint. We find no merit in the contention that the trial court abused its discretion by precluding plaintiffs from presenting any theory of liability supported by the evidence.

■ Plaintiffs next argue the trial court erred in directing a verdict in favor of the defendant on the first two counts of the complaint based on a "malicious and wanton assault." Both parties agree that the Pedrick rule (Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504) is applicable to the motion for directed verdict and requires a consideration of all the evidence including the reasonable inferences to be drawn therefrom in favor of plaintiffs.

■ ■ It would also appear that the parties agree that "malicious conduct" requires an evil intent (In re Smyser, 182 Ill App 208) and that "wanton conduct" means an act consciously done with knowledge that injury will naturally result (Anderson v. Brown, 340 Ill App 613, 97 NE2d 495). The disagreement arises as to the application of the foregoing principles to the facts in the instant case.

Plaintiffs insist that the evidence warrants the reasonable inference that defendant's conduct was deliberate. They rely both on the act itself, i. e., striking the container containing flaming alcohol by defendant's foot, and defendant's accompanying statement "here catch."

■ We believe that such evidence is insufficient to support the conclusion that the conduct of defendant was deliberate. Although plaintiffs seek to infer that "here catch" thereby characterizes the quality of the conduct as deliberate, the term as so used has no such connotation in the uncontradicted context of the circumstances, namely, that of a game. There is nothing in the evidence from which it can be inferred that any ill will existed between the boys, that they were fighting or that defendant had any intention of either kicking the container or injuring plaintiffs. We believe the trial court committed no error in directing the verdicts on the first two counts of the complaint.

Lastly plaintiffs argue that the jury's verdicts finding defendant not guilty on the negligence counts was against the manifest weight of the evidence. At the close of all the evidence, plaintiffs moved for a directed verdict on the issue of liability which was denied by the court. After the jury's verdicts of not guilty and the entry of judgments thereon, plaintiffs moved for judgment notwithstanding the verdict and for a new trial both of which motions were denied.

No errors are assigned with respect to the admission or exclusion of evidence nor is any contention made that the jury was improperly instructed. Plaintiffs' argument on appeal recognizes the Pedrick rule and consequently the principal question is whether or not the issue of negligence was properly submitted to the jury.

Although the plaintiffs discuss at some length the question of whether minors can or cannot be guilty of negligence or contributory negligence such issue was not an issue in the trial court.

It is conceded by the plaintiffs that the jury was properly instructed concerning the duties of minors and the factors to be considered in assessing their conduct. Restatement of Torts, § 283(e), 2 Torts ALI 741.

Plaintiffs also refer to the general rule that issues of negligence and contributory negligence are ordinarily resolved by the jury and the jury's resolution of such issues will not be disturbed when based on sufficient evidence. Plaintiffs insist that the only reasonable inferences which may be drawn from the evidence are that defendant was negligent and plaintiffs were free from contributory negligence. Without redetailing the evidence, we believe the facts as heretofore discussed in the opinion rebut such assertion. On the contrary, conflicting inferences on these issues may be reasonably drawn from the evidence. Hence the jury's resolution of such issues against plaintiffs is supported by the evidence.

For the foregoing reasons the judgments of the Circuit Court of Rock Island County are affirmed.

Judgments affirmed.

ALLOY and CULBERTSON, JJ., concur.