437 F.2d 815
 Julius HENKE and Darlene M. Henke, Plaintiffs,
v.
William A. FOX, Edward L. Fillippine, William J. Hormberg,
James J. Butler, F. Daley Abels, Gerald P. Stephens, Charles
T. Herrmann, Harry J. Nichols, Dennis E. Cochran and Richard
S. Kolakoski, Defendants.
Edward L. FILLIPPINE, William J. Hormberg, James J. Butler,
F. Daley Abels, Gerald P. Stephens, Charles T.
Herrmann, Harry J. Nichols, Defendants
and Third-Party Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Third-Party
Defendant-Appellee.
 No. 17656.
 United States Court of Appeals, Seventh Circuit.
 Jan. 21, 1971, Rehearing Denied March 4, 1971.
 
 Carl W. Lee, David H. Bremer, Belleville, Ill., for appellant.
 C. R. Brady, Brady, Donovan & Hatch, Belleville, Ill., for State Farm Mutual Automobile Insurance Co.; Michael B. Constance, Belleville, Ill., of counsel.
 Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.
 KNOCH, Senior Circuit Judge.
 
 
 1
 This is an appeal from dismissal of the third-party complaint of Edward L. Fillippine, William J. Hormberg, James J. Butler, F. Daley Abels, Gerald P. Stephens, Charles T. Herrmann, Harry J. Nichols, all lawyers, against the third-party defendant, State Mutual Automobile Insurance Company, seeking indemnity for alleged misrepresentation, overreaching and fraud, in the event these lawyers are ultimately held to be liable to the plaintiffs, Julius and Darlene M. Henke, for alleged negligent conduct and breach of oral contracts to represent them in a personal injury action.
 
 
 2
 The District Court, finding no just reason for delay in entering final judgment on the third-party complaint, directed that entry of judgment be made pursuant to Rule 54(b), Federal Rules of Civil Procedure, and this appeal followed.
 
 
 3
 This cause arose out of a suit filed by plaintiffs on September 3, 1965, in the Circuit Court of Madison County, Illinois, from which it was removed to the District Court by the third-party plaintiffs. In their complaint, the Henkes alleged that they had been injured on August 7, 1959, in a motor vehicle collision caused by the negligence of one Darrell G. Griggs; that the third-party plaintiffs had twice filed suit on their behalf against Mr. Griggs and twice allowed the suits to be dismissed for failure to answer interrogatories, in each case without notice to the Henkes.
 
 
 4
 In their third-party complaint, the lawyer defendants denied that they ever represented the Henkes and denied any liability. They alleged that the first suit filed on behalf of Mr. Henke was filed by Dennis E. Cochran, named in the principal action and against whom default judgment has previously been entered, who at the time was in the employ of J. O'Connell Hough, now deceased, originally a defendant in the principal action, since dismissed on motion of plaintiffs. Mr. Hough was evidently a partner in the law firm whose name appears on the pleading as Hough, Herrmann, Nichols, Hormberg and Filippine.'
 
 
 5
 The third-party complaint further avers that subsequent to dismissal of that first case, the late Mr. Hough, through James J. Butler, also a third-party plaintiff, was approached by Milton J. Schulze, as agent for State Farm Mutual Automobile Insurance Company, to negotiate a settlement of the claim against Mr. Griggs, which Mr. Schulze conceded was meritorious. Relying on the assurances of Mr. Schulze, Mr. Butler continued settlement negotiations, and further, on Mr. Schulze's request, Mr. Butler, as Mr. Hough's employee, filed the second suit against Mr. Griggs, again relying on Mr. Schulze's assurance that no adverse action would be taken while settlement negotiations continued, but that, without notice, State Farm Mutual caused this second suit also to be dismissed, the first actual notice of such action coming in a letter from State Farm Mutual's attorneys more than three months after the dismissal. It is the view of the third-party plaintiffs that by virtue of the negotiations and representations made in the course thereof, State Farm Mutual is guilty of misrepresentation, overreaching, and/or fraud, and has 'waived' the dismissal of the second suit and admitted the liability of Darrell E. Griggs.
 
 
 6
 In his letter of March 11, 1963, which is an exhibit included with the third-party complaint, counsel for State Farm Mutual wrote Mr. Butler stating that about a week in advance of presentation to the Court, he had forwarded a copy of the motion to dismiss or strike the complaint in the second suit; that Mr. Butler had not called counsel in person, had not appeared in court, nor asked for a continuance, but had written him to say that Mr. Schulze promised no action would be taken pending settlement negotiations, whereupon counsel had consulted Mr. Schulze who denied making that commitment.
 
 
 7
 State Farm Mutual's view, with which the District Court apparently agreed, is that the third-party plaintiffs failed to state a claim on which relief could be granted. State Farm Mutual also asserts that the third-party complaint is barred by the statutory period of limitations. The third-party plaintiffs reply that as this is not an original action where fraud and deceit are pleaded, but an indemnity action based on 'passive-active' or 'primary-secondary' tortfeasor theory and brought as a third-party proceeding wherein the third-party plaintiffs' liability has not yet been ascertained, the limitations period does not apply. We do not reach that question.
 
 
 8
 The third-party plaintiffs evidently consider that any liability which may accrue will arise from a factual determination that an attorney-client relationship existed with the resultant imposition of non-delegable duties. However, they contend that the mere fact that their duty to the Henkes may be found to be non-delegable does not prevent their recovery as passive tortfeasors for culpable acts of the primary wrongdoer.
 
 
 9
 Both parties rely on Muhlbauer v. Kruzel, 1968, 39 Ill.2d 226, 234 N.E.2d 790, where a motion to dismiss a third-party action was sustained. State Farm Mutual emphasizes the Illinois Appellate Court's statement in that case, 1966, 78 Ill.App.2d 343, 223 N.E.2d 227, 230, that acts of another do not impose a liability on one unless some relationship between the parties imposes a non-delegable duty on the passive party. State Farm Mutual sees the only duty here as arising from an attorney-client relationship (if that is proved) between the Henzes and the third-party plaintiffs, State Farm Mutual being adversary to both.
 
 
 10
 The third-party plaintiffs assert that Muhlbauer only underlines the need to allege facts to support the 'passive-active' indemnity theory, which they argue they have fulfilled here. Their theory is that they may be proved to have been under a non-delegable duty to the Henzes, and if so, they were exposed to liability by the act or omission of State Farm Mutual.
 
 
 11
 It is conceded that a complaint should not be dismissed for failure to state a claim unless it appears clear that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. However, the negligence imputed to the third-party plaintiffs by the Henkes is not merely passive. They are charged with active neglect either to respond to interrogatories or to notify their client to those interrogatories, and failure to appear in court to contest the dismissal of the cases.
 
 
 12
 One of the exhibits to the motion to dismiss the third-party complaint is a copy, with supporting affidavit of mailing the original, of a letter sent under date of November 13, 1962, to Mr. Butler, enclosing copy of motion to dismiss or strike to be presented to the Court on November 21, 1962, together with interrogatories addressed to Julius Henke. Other correspondence in the record shows that Mr. Butler merely wrote counsel for State Farm Mutual asserting the existence of a promise to take no adverse action.
 
 
 13
 The neglect in the principal action being classifiable only as 'active', there cannot be indemnity from State Farm Mutual. Gillette v. Todd, 1969, 106 Ill.App.2d 287, 245 N.E.2d 923. The judgment of the District Court is affirmed.
 
 
 14
 Affirmed.