JOHN D. PRESTON, Plaintiff, *v.* NATIONAL BROADCASTING COMPANY *et al.,* Defendant Third-Party Plaintiff-Appellee—(CHECKER TAXI COMPANY *et al.,* Third-Party Defendant-Appellant.)

(No. 54738;

First District—May 24, 1971.

Jesmer & Harris, of Chicago, (Julius Jesmer and Ronald J. Gold, of counsel,) for appellant.

Joseph C. Owens and Sam Lazerwith, both of Chicago, for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from a default judgment rendered against third party defendant.

On August 4, 1966, John D. Preston filed a negligence suit against National Broadcasting and Richard Oakes, National Broadcasting's employee, for personal injuries sustained in an auto accident on January 13, 1965. The complaint alleged in part that Oakes, while acting as National Broadcasting's agent and employee, drove his company car into the rear of Preston's auto thereby injuring him. National Broadcasting filed an answer in which the allegations of Preston's complaint were denied. At the same time, National Broadcasting filed a third party complaint against the Checker Taxi Company and Charles B. Fleming, Checker's employee. This third party complaint alleged in part:

> These third party plaintiffs [National Broadcasting] state that they were not guilty of any acts of negligence which gave rise to the causes of action stated against them by plaintiff, JOHN D. PRESTON * * *, but, on the contrary, state that they were passive until propelled violently into collision with the vehicle in which JOHN D. PRESTON [was] riding, as a result of one or more of the acts of negligence of third party defendants [Checker Taxi] * * *.

In substance, therefore, National Broadcasting alleged that the taxi driven by Fleming struck the rear of its auto, causing it in turn to strike the rear of Preston's auto.

Checker Taxi moved to dismiss the third party complaint and, after a hearing on the motion, it was denied. Checker Taxi was then given an additional twenty-eight days in which to file an answer to the third party complaint. Checker Taxi, however, declined to file an answer and, instead, stood on its motion to dismiss.

At a bench trial of the principal action, John D. Preston testified that he was driving his taxi in the vicinity of 624 South Michigan Avenue, Chicago, about 9:55 A.M. on January 13, 1965, when he stopped to discharge a passenger. As he was stopped, his vehicle was struck in the rear by another car. Then, according to Preston, "Shortly after the first impact there was a second impact by the vehicle behind me upon the rear of my cab. Both the first impact and the second impact were of equal force." He concluded his testimony with a short statement about his injuries. Preston and National Broadcasting then agreed apparently that damages should be awarded in the sum of $2,100.00 and by stipulation introduced Preston's hospital records into evidence. These hospital records were introduced in response to the trial judge's request for "some proof to support an award of damages in the amount agreed."

Richard Oakes testified that he was driving his company car, owned by National Broadcasting, on the date in question when he was involved in an automobile accident. According to Oakes, "A Checker Taxi was stopping and I pulled up behind him and stopped. I was hit in the rear by a second Checker Taxi and pushed into the rear of the Checker Taxi in front of me." On cross-examination Oakes admitted that he had struck the car ahead before the second impact occurred, but said "The contact was light, compared to what occurred when the Checker Taxi hit me in the rear."

The trial judge then entered a judgment order for damages in favor of Preston against National Broadcasting in the sum of $2,100.00. A second judgment order for the same amount was entered in favor of National Broadcasting against Checker Taxi on the third party complaint. This latter order recited that Checker Taxi had failed to properly plead in response to the third party complaint and "is in default and the Third Party complaint is confessed against it."

Subsequent to the entry of the default judgment against it, Checker Taxi filed a post-trial motion to vacate the judgment and to have judgment entered in its favor. Checker Taxi's motion was denied and Checker Taxi then brought this appeal.

The sole question to be decided by this court is whether the trial court should have set aside the default judgment entered against Checker Taxi and, instead, entered judgment in its favor. In deciding this question we necessarily consider the purpose for which Section 25 of the Civil Practice Act [Ill. Rev. Stats., ch. 110, par. 25] was enacted. That section, entitled "Bringing in new parties—Third-Party proceedings" was designed to curtail a multiplicity of actions by providing for assertion in one action of any claim, which, by reason of plaintiff's claim against one party defendant, such defendant has, or may have, against a third party. (*Muhlbauer v. Kruzel* (1968), 39 Ill.2d 226, 234 N.E.2d 790; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill.App.2d 30, 205 N.E.2d 786; see also *Feirich, Third Party Practice*, 1967 Ill. Law Forum 236 (1967).) Third-party practice is limited to true claims for indemnity, and this procedure may not be used to bring in a person who is or may be liable only to the original plaintiff and not to the defendant (third-party plaintiff and indemnitee). (See *Muhlbauer v. Kruzel* (1968), 39 Ill.2d 226, 230-,2, 234 N.E.2d 790; Feirich, *Third Party Practice*, supra at 245.) And, while numerous classifications of the various factual situations that give rise to the remedy of third-party indemnification have been proposed, indemnity has most frequently been allowed where the conduct of the indemnitee is described as passive negligence, and that of the indemnitor as active negligence. (See *Muhlbauer v. Kruzel* (1968), 39 Ill.2d 226, 231, 234 N.E.2d 790) and the citations therein. The apparent purpose of the active-passive negligence theory of implied indemnity is to mitigate the harsh effects that could result from an inflexible application of the well-established rule in Illinois that there is no right of contribution among joint tortfeasors. Thus, to sustain an indemnity action under the active-passive negligence theory the indemnitee must not be shown to have been actively negligent.

In the instant case, however, the testimony of the original plaintiff (Preston) established that his vehicle sustained *two* impacts. This testimony clearly suggests that National Broadcasting's auto struck Preston's vehicle twice, once because of the negligence of National Broadcasting's own employee and a second time because the driver of the third auto negligently pushed National Broadcasting's auto into Preston's vehicle again. Richard Oakes, the driver of National Broadcasting's auto, also testified that he struck Preston's auto one time without any assistance and a second time because he was pushed forward by the impact at the rear of his car. By virtue of these facts, therefore, Richard Oakes and his employer were shown to have been actively negligent with respect to Preston's injuries. The first impact sustained by Preston was caused solely by the active negligence of National Broadcasting's employee, Richard

Oakes, and, as a result National Broadcasting because primarily liable for Preston's damages. Whether the third driver also became primarily liable for Preston's damages is a matter of no consequence in this case because he was not sued in the original action. We note, therefore, only parenthetically that the third driver was also actively negligent by his participation in the occurrence and might have been a proper co-defendant in the principal action. As such he would have stood as a joint tort-feasor with National Broadcasting under the particular facts of this case.

In any event, the active negligence of National Broadcasting was factually established during the trial of the principal action. The effect of such a finding upon the subsequent indemnity action is a matter which does not appear to have been expressly decided in this State. However, other authorities which have considered this narrow question have unanimously held that an indemnitee, in his action to recover from the indemnitor the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered, and that, if the judgment in the earlier action rested on a fact fatal to recovery in the action over against the indemnitor, the latter action cannot be successfully maintained. (See *Shell Oil Co. v. Foster-Wheeler Corp.* (E.D. Ill. 1962), 209 F.Supp. 931, 940; Annotation, 24 A.L.R.2d 329, 330.) We believe this rule to be a good one and we, therefore, join the numerous other authorities which have adopted it. Applying the rule to the instant case, we note that facts establishing National Broadcasting's active negligence in the principal action rendered a fatal blow to its chances of succeeding in the indemnity action against Checker Taxi. The default judgment against Checker Taxi was, therefore, contrary to both the law and the evidence. We recognize, of course, that it was entered as an appropriate response to Checker Taxi's failure to plead and defend, but we believe that it should have been vacated upon the timely post-trial motion by Checker Taxi. The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea of carrying out, insofar as it is possible, the determination of matters upon their merits. In resolving that question a court may well consider whether a defendant has a meritorious defense, and whether defendant's delay in responding to the court's command actually jeopardized plaintiff's basic position, but the overriding reason should be whether justice is being done. (*Widicus v. Southwestern Elec. Cooperative* (1960), 26 Ill.App.2d 102, 167 N.E.2d 799.) It is our considered opinion that justice will be better served in the instant case if the default judgment order is set aside.

For the reasons we have indicated the judgment of the trial court is

reversed and the case is remanded for entry of a final judgment order in favor of Checker Taxi Company, *et al.*, third-party defendants.

The motion to dismiss taken with the case is denied.

Reversed and remanded.

BURKE, P. J., and GOLDBERG, J., concur.