THE CITY OF WEST CHICAGO, Plaintiff-Appellee, *v.* JAMES H. CLARK, County Treasurer, Defendant and Third-Party Plaintiff-Appellant.—(GERALD R. WEEKS *et al.*, Third-Party Defendants-Appellees.)

Second District   No. 76-248

Opinion filed March 29, 1978.

Seymour J. Kurtz, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, Rathje, Woodward, Dyer & Burt, and Peregrine, Stime & Newman, all of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant and third-party plaintiff, James H. Clark, as county treasurer, brings this appeal from orders of the trial court dismissing his complaint against third-party defendants, Gerald R. Weeks, John J. Bowman, Robert A. Morris, Frank H. Bellinger, Carleton Nadelhoffer and the County of Du Page, and denying him leave to amend the complaint. Weeks, Bellinger and Nadelhoffer cross-appeal from a further order of the trial court continuing their motion for the assessment of expenses and attorneys' fees against Clark until disposition of Clark's appeal herein.

The underlying action in this case is based upon a complaint filed by the City of West Chicago on December 2, 1975, against Clark in his capacity as Du Page County treasurer and ex officio collector. Count I alleges that Clark failed to deliver over to West Chicago $84,792.02 in taxes collected by him in its behalf, in violation of an unspecified statutory duty, and prays that he be required to do so. Count II incorporates the allegations of count I and further alleges that, in addition to the sum mentioned in count I, Clark wilfully failed to make timely delivery to West Chicago of the sum of $49,554.04 in taxes collected by him in its behalf in violation of section 280 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 761) subjecting him to the penalty prescribed in section 280, and prays that the court assess it. Count III incorporates both counts I and II and alleges that Clark deposited the sums therein mentioned in various financial institutions while in his possession and that while so deposited interest was earned on them which he refuses to pay over to West Chicago. The plaintiff prays that the amount of interest so earned be determined and that Clark be directed to pay that sum over to it.

John J. Bowman, then state's attorney of Du Page County, filed a petition seeking the appointment of a special state's attorney to represent Clark in that case representing to the trial court that Clark had indicated he wished to file a third-party complaint against the Du Page County Board in this action. As the county board and the county treasurer are normally represented in litigation by the state's attorney, Bowman asserted that a conflict of interest would exist in this case were he to represent both. The trial court agreed and appointed attorney Seymour J. Kurtz to represent Clark, as county treasurer, in this matter.

On February 20, 1976, after having been granted certain extensions of time, Clark filed his answer and the disputed third-party complaint. In his answer Clark denies that his office owes West Chicago the amount alleged

in count I, asserting that the count must refer to tax protest money which only became due to the city on January 1, 1976, and has since been paid in the amount of $46,192.83. In answer to count II he admits having held tax money due to plaintiff past the time he was statutorily required to pay it over, but denies that the failure to pay was wilful on his part, referring to and incorporating the allegations of his third-party complaint as excuse for such failure. In answer to count III Clark admits interest was earned but claims that Du Page County, not he, was the beneficiary of such sums. He denies he refused to pay such sums to plaintiff or is liable for them and asserts the city should receive the interest from the defendants named in his third-party complaint.

Clark's third-party complaint, which is the primary subject of this appeal, contains more than 400 pages consisting of a 53-paragraph complaint with some 30 exhibits appended thereto. The defendants named are Du Page County; John J. Bowman, state's attorney of Du Page County; Gerald R. Weeks, Robert H. Morris, and Frank H. Bellinger, all members of both the Du Page County Board of Supervisors and the Board of Commissioners of the Forest Preserve District of Du Page County; and Carleton Nadelhoffer, attorney for the forest preserve district. It is addressed only to counts II and III of the original complaint, apparently insofar as they pray, respectively, that Clark should be assessed the statutory penalty for his failure to timely pay over to plaintiff tax monies collected by him and that he be required to deliver to West Chicago the interest earned on that money while in his possession. In regard to count II of the original complaint, Clark's third-party complaint alleges in a convoluted and conclusory manner that Weeks, Morris, Bellinger and Nadelhoffer had engaged in a conspiracy by which the forest preserve district purchased land for excessive sums, that Clark uncovered the conspiracy and attempted to expose and stop it and, in retaliation, the alleged conspirators, which now included Bowman, then undertook another conspiracy the purpose of which was to discredit and harm Clark. It alleges they caused the breakdown of the county data processing department which prevented Clark from making timely disposition of monies he had collected on behalf of the many Du Page County taxing bodies, including West Chicago. Clark prays that the third-party defendants, not he, should therefore be found liable to the city for any penalty assessed due to his failure to make timely payment of tax monies and, alternately, that should he be found liable to plaintiff for any sums of money, then the third-party defendants should be required to indemnify him. In regard to count III of the principal complaint, Clark's third-party complaint repeats the allegation of his answer that Du Page County is the beneficiary of any interest earned on sums held by him and that the third-party defendants should be held liable to plaintiff for such

sums. He prays that in the event he is found liable to plaintiff for the interest claimed that the third-party defendants be required to indemnify him. Clark's complaint also contains a request that West Chicago be required by the court to institute and pursue a class action in this case for this same relief against third-party defendants as representative of all other taxing bodies in Du Page County.

Motions to strike and dismiss the third-party complaint were filed by third-party defendants and, after a hearing, the trial court dismissed it. On March 11, 1976, the court denied Clark's petition for rehearing which also contained a general request for leave to amend the third-party complaint. Clark appeals from the orders dismissing his third-party complaint and denying him leave to amend it.

After the dismissal, third-party defendants filed motions for the assessment of expenses and attorneys' fees pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41) and the trial court ordered that the hearing on these motions be continued until disposition of the appeal being taken by Clark. Weeks, Bellinger and Nadelhoffer bring their cross-appeal from this order.

■■■ The parties first contest at some length whether the disputed third-party complaint filed by Clark without leave of court was presented in apt time and whether the filing of a third-party complaint was within the scope of the appointment of the special state's attorney designated by the court to represent Clark in his capacity as county treasurer. We note that by agreement of the parties two extensions of time were granted to Clark which together permitted him to answer or otherwise appear by February 28, 1976, and that he filed his answer and the third-party complaint on February 20 within the time allowed. As his third-party complaint was filed within the time for filing his answer, Clark did not require leave of court to do so. (Ill. Rev. Stat. 1973, ch. 110, par. 25(2).) We also note that State's Attorney Bowman, in suggesting to the trial court that a special state's attorney be appointed in this case, represented to the court that it was his understanding Clark wished to file a third-party complaint in the case against the county board, also represented by Bowman, and that he would prefer to act as the board's attorney. It seems apparent that the filing of some kind of third-party action was contemplated when the special state's attorney was appointed and it may not now be argued that the filing of such an action was beyond the scope of that appointment.

■■ In his brief, Clark contends the trial court erroneously dismissed the request in his third-party complaint that plaintiff, West Chicago, be required to bring a class action based on counts II and III of its original complaint against third-party defendants on behalf of some 195 other Du Page County taxing bodies, which he does not further describe, as well as

on its own behalf. He argues that because West Chicago would be a member of the proposed class the court must, at Clark's request, require it to expand its case into such a class action even though he, Clark, is not a member of the proposed class and is not attempting to bring the class action himself. No authority is presented by Clark in support of this novel argument and we know of none. During oral argument, Clark's counsel conceded, and we believe correctly so, that he is unable to force such an action upon West Chicago against its wish. He does assert, however, that there must be some sort of declination to bring a class action on the part of the city before it can be excused from complying with his request. Apparently neither Clark nor any other party has sought out West Chicago's view in this matter as the record is silent in that regard. It is not a party to the third-party action, however, and has no duty to voluntarily respond to such a burdensome request. Its silence will not be taken as acquiescence on its part nor do we reach the question whether such a class action could be maintained by plaintiff in any event. Again, no authority has been presented which would support Clark's position and we find this argument to be without merit.

■■ Clark next contends the trial court erroneously determined that his third-party complaint is not clear and concise as required by section 33(1) of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 33(1).) Third-party defendants correctly respond that the third-party complaint is anything but clear and concise and, in addition, that dismissal was proper because it fails to state a legally sufficient cause of action for indemnity. In regard to third-party defendants' claim that the pleading fails to state a cause of action Clark says only that the issue is beyond the scope of this appeal because it was not a ground mentioned by the trial court in its order of dismissal. There is no merit to this contention as it has been held that "the appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court. [Citations.]" *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287; *Illinois Racing Board v. Hammond* (1977), 58 Ill. App. 3d 609, 611, 371 N.E.2d 1189, 1190-91.

■■ Clark has failed to provide either authority or argument in support of the legal sufficiency of his third-party complaint for indemnity in response to third-party defendants' contention and we could properly consider that issue waived by appellant. (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7); see *People ex rel. Andrew v. Chicago, Milwaukee & St. Paul R.R. Co.* (1926), 324 Ill. 43, 46, 154 N.E. 472, 473.) We believe, however, because of the unusual nature of this litigation, that we should address it. We note that although the trial court did not directly specify the legal insufficiency of the complaint as one of the grounds for dismissal

in the order, it is apparent that the court considered the complaint had no basis in law.

■■ Third-party practice in Illinois is governed by section 25 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 25.) Section 25(2) provides, in part, that "a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In construing this section it has been held that "in order for the third-party complaint to withstand a motion to dismiss, it must allege some relationship between the third-party plaintiff and third-party defendant sufficient to warrant application of indemnity principles. *Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 234 N.E.2d 790; see *Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d 542, 316 N.E.2d 516." *Templeton v. Blaw-Knox Co.* (1977), 49 Ill. App. 3d 1057, 1058, 365 N.E.2d 235, 237.

■■ In part, Clark's complaint requests that third-party defendants be held directly liable to plaintiff, West Chicago, under counts II and III of its complaint. To the extent that Clark is attempting to use section 25(2) as a device for tendering new defendants directly to plaintiff or as a basis for a substantive right to indemnity from the impleaded parties, he is clearly exceeding the scope of that section and has failed to state a cause of action for indemnity. (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 230, 234 N.E.2d 790, 792; *Mierzejwski v. Stronczek* (1968), 100 Ill. App. 2d 68, 76, 241 N.E.2d 573, 577; Ill. Rev. Stat. 1973, ch. 110, par. 25(2).) This leaves for consideration that part of Clark's complaint in which he attempts to state an action over against the third-party defendants.

The third-party complaint by which Clark, as treasurer, seeks to shift any loss he might suffer as a result of the principal action over to the third-party defendants does not state the form of indemnity upon which it purports to be based. It does not suggest Clark enjoys some contractual right to indemnity in these circumstances from the third-party defendants (see *Tater v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272) or point to any principal of respondeat superior giving rise to indemnity rights in this case (see *Holcomb v. Flavin* (1966), 34 Ill. 2d 558, 216 N.E.2d 811) nor does it allege these parties are joint tortfeasors and assert that Clark's claimed right to indemnity is implied in law under the theory of active-passive negligence (see *Miller v. DeWitt* (1967), 37 Ill. 2d 273, 226 N.E.2d 630). While we are unable to determine from Clark's complaint which, if any, of these theories he may rely upon, in our view it is apparent none of them can apply in this case.

■■ Count II of the principal action is based upon section 280 of the Revenue Act of 1939 which provides that the county collector shall pay over tax monies collected by him to the proper taxing bodies by certain times, and that

"Any county collector who wilfully fails to pay over the amount of taxes dues and payable, at the time or times required by this Section, shall be subject as a penalty for such failure to pay a sum of money equal to the interest on such amount at the rate of one-tenth of one (1) per cent per day from the time such amount becomes due and payable until the same is paid; * * * and the amount of the penalty, when recovered, shall be paid into the county treasury." (Ill. Rev. Stat. 1973, ch. 120, par. 761.)

Clark, as county treasurer and ex officio collector, can be liable for this statutory penalty only if his alleged failure to pay over to West Chicago is attributable to a *wilful failure* to do so. Should it be determined that he is liable by reason of such conduct then he could have no action over against the third-party defendants: an express agreement to indemnify against wilful misconduct would be against public policy and unenforceable (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 500-01, 336 N.E.2d 881, 885) and it would necessarily follow that an implied agreement to indemnify could not arise in such circumstance. If, as Clark asserts, his failure to pay óver tax monies was not wilful on his part then the principal action must fail and indemnity issues do not arise.

■■ It is equally apparent in this case that the principal action against Clark was not brought by West Chicago to recover damages against him for injuries sustained by that plaintiff, but to cause a statutory penalty to be assessed against Clark which, if recovered, would be payable into the county treasury. That action is not based upon negligence nor is the duty imposed by the statute shared by third-party defendants. In such circumstances there is no relationship between the parties upon which a doctrine of indemnity can operate. See *Vassolo v. Comet Industries, Inc.* (1975), 35 Ill. App. 3d 41, 44, 341 N.E.2d 54, 57; *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104.

■■ The third-party complaint warrants even less discussion as it attempts to relate to count III of the principal action. Count III prayed that Clark pay over certain sums of interest earned by the tax monies he collected while they were in his possession. Should it be determined that Clark held such sums and was directed to pay them over then Clark would suffer no loss, the funds are not his, and no issue of indemnity of Clark could arise.

■■ We are mindful of the numerous decisions emphasizing the difficulty of determining as a matter of law at the pleading stage that "in no event" would the defendant have an action over against the third-party defendants (*Muhlbauer v. Kruzel* (1968), 39 Ill. 2d 226, 231, 234 N.E.2d 790, 793 (and cases therein cited)); however, we find that the third-party complaint before us, at most, attempts to plead a defense to the principal complaint and clearly contains no allegations of fact which demonstrate

any relationship or circumstance that could give rise to a duty to indemnify Clark on the part of any of the third-party defendants. We are also aware that in three recent cases, *Skinner v. Reed-Prentice Division Package Machinery Co.* (1977), 70 Ill. 2d 1, 374 N.E.2d 437, *Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 374 N.E.2d 455, and *Robinson v. International Harvester Co.* (1977), 70 Ill. 2d 47, 374 N.E.2d 458, our supreme court permitted contribution based upon relative degrees of fault in certain limited circumstances. The holdings of these cases do not affect the principles we have discussed relating to the third-party complaint herein; Clark has neither a right to indemnity nor to contribution in the circumstances described by the pleadings.

■■ We also find that the trial court properly dismissed the pleading as not containing "a plain and concise statement of the pleader's cause of action * * *." (Ill. Rev. Stat. 1973, ch. 110, par. 33(1).) It is replete with argumentative and conclusory language, is excessively verbose and should obviously have been stricken because of the futility of attempting to answer it. This is clearly not a case where mere surplusage can be disregarded because plaintiff has also alleged facts sufficient to state a cause of action. See *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 652-53, 344 N.E.2d 770, 782.

■■ Clark further contends that denial of his request for leave to amend was an abuse of discretion by the trial court. His only request for leave to amend in the record before us was by way of his petition for a rehearing which included the bare assertion that the appropriate remedy where a complaint violates section 33(1) of the Civil Practice Act is to allow the pleader leave to file an amended complaint. Section 46 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46) provides that amendments to pleadings may be allowed on just and reasonable terms. Granting or denying leave to amend is a matter within the discretion of the trial court and absent a manifest abuse of such discretion the decision of the trial court will not be disturbed on appeal. (*Allen v. Thornblad* (1976), 42 Ill. App. 3d 554, 559, 356 N.E.2d 361, 365; *Stevenson v. Maston* (1969), 107 Ill. App. 2d 65, 70, 246 N.E.2d 38, 40.) "Before a trial judge can be deemed to have abused his discretion, the record must disclose that reasons or facts were presented to the trial judge as a basis for requesting the favorable exercise of the trial judge's discretion." (*Stevenson*, 107 Ill. App. 3d 65, 70, 246 N.E.2d 38, 40.) In the present case no proposed amendment was ever tendered to the trial judge and under such circumstances there was no error in denying Clark's general request for leave to amend the third-party complaint. (*People ex rel. Scott v. Cardet International, Inc.* (1974), 24 Ill. App. 3d 740, 748, 321 N.E.2d 386, 393; *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436, 318 N.E.2d 162, 164.)

Furthermore, in light of our finding that no cause of action for indemnity could be stated in these circumstances, no sufficient amendment can be made in any event.

■■■■ This brings us to the cross-appeal of Weeks, Bellinger and Nadelhoffer in which they contend the trial court had no authority to postpone the hearing of their motion for assessment of expenses and attorneys' fees until after disposition of Clark's present appeal. Clark contends that the continuance of the hearing was not an "order" and therefore there can be no appeal of such "non-order." He argues the only recourse third-party defendants have is to petition for a writ of mandamus to require the trial court to issue an order in this regard. Clark's contention in this matter is also totally without merit. The trial court, in writing, expressly ordered that the hearing on the motions be continued and determined there was no just reason to delay enforcement or appeal of such order; we will consider the cross-appeal.

Section 41 of the Civil Practice Act provided that:

> "Allegations and denials made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." (Ill. Rev. Stat. 1973, ch. 110, par. 41 (amended 1976).)

While the language of the statute indicates that the expenses and fees are to be taxed by the court *at the trial* it has been held that the fact that an action has been dismissed on motion before trial does not preclude invoking section 41.[1] (*Ready v. Ready* (1961), 33 Ill. App. 2d 145, 162, 178 N.E.2d 650, 658.) In *Morton v. Environmental Land Systems, Ltd.* (1977), 55 Ill. App. 3d 369, 374, 370 N.E.2d 1106, 1111, the court stated that "[w]hile the denial of such a motion [section 41] is a matter for the sound discretion of the trial court and, absent abuse, its determination ordinarily will not be disturbed on review [citation], it should not be denied without a hearing [citation]." In our view, cross-appellants were entitled to a prompt determination by the trial court of the applicability of section 41 to the third-party complaint it dismissed. Had it done so, its orders in that regard could have been reviewed on this appeal together with the issues we have earlier discussed. This issue can now only be remanded for the hearing earlier denied to third-party defendants.

---

[1] Section 41 was amended, effective September 19, 1976, by Public Act 19-1434 (1976 Ill. Laws 1349, 1358), to state that fees and expenses are to be taxed by the court "upon motion made within 30 days of the judgment or dismissal." This change applies only to civil actions filed after its effective date and, therefore, not to this case. Ill. Rev. Stat. 1977, ch. 110, par. 41.

We, therefore, affirm the judgment of the trial court dismissing the third-party complaint and denying leave to amend it, and we reverse the order denying third-party defendants a hearing of their motion brought under section 41 and remand that matter to the trial court for that purpose.

Affirmed in part, reversed in part, and remanded.

SEIDENFELD, P. J., and BOYLE, J., concur.