JOHN KOSSIFOS, Plaintiff, *v.* THE LOUDEN MACHINERY COMPANY, Defendant—(THE LOUDEN MACHINERY COMPANY, Counterplaintiff-Appellant, *v.* JOHN MORRELL & COMPANY, Counterdefendant-Appellee.)

(No. 56647; )

First District (2nd Division)—February 13, 1974.

*Rehearing denied September 27, 1974.*

Kralovec, Sweeney, Marquard & Doyle, of Chicago (Henry J. Marquard and Edward V. Scoby, of counsel), for appellant.

Mayer, Brown & Platt, of Chicago (Patrick W. O'Brien and John D. Donlevy, of counsel), for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

## I.

This appeal arises from a lower court order sustaining intervening plaintiff's motion to dismiss defendant's counterclaim seeking indemnification from intervening plaintiff.

Plaintiff, John Kossifos (hereafter Kossifos), filed an amended complaint against the Louden Machinery Company, defendant and counterclaimant (hereafter Louden), alleging that he was an employee of the John Morrell Company, intervening plaintiff and counterdefendant (hereafter Morrell), and that, as a direct and proximate result of certain enumerated unreasonably dangerous conditions in certain equipment sold by Louden to Morrell, he suffered severe and permanent injuries. Specifically, Kossifos stated:

"That at the time and place aforesaid, the said equipment, * * * designed, manufactured, distributed and sold by the defendant to the plaintiff's employer, was at the time of its manufacture and at the time it left the possession or control of the defendant herein, unreasonably dangerous, by reason of one or more of the following defects or conditions of the said equipment:

(a) The said equipment was too heavy to be supported by the overhead suspension system;

(b) The said equipment was improperly designed, so as to support the racks and the traveling cage;

(c) The said equipment was not metalurgically [sic] sound, to support the traveling cage;

(d) The said equipment was improperly designed, so as to prevent the traveling cage from sliding off the rail;

(e) The said equipment was improperly designed in that it had no 'stops' so as to prevent the traveling cage from sliding off the rail;

(f) The said equipment was improperly designed, in that the 'splices' were not strong enough to support the traveling cage;

(g) The said 'splices' were metalurgically [sic] unsound, in order to support the traveling cage;

(h) The said equipment was manufactured, distributed, and sold, without the defendant promulgating proper safety instructions for its use."

Morrell then intervened in the suit as a party plaintiff in order to protect its Workmen's Compensation lien.

Louden filed a counterclaim against Morrell seeking indemnity on the following basis:

> "That any alleged negligence asserted against Louden arising out of the providing of component parts of the Monorail System to Morrell, and such negligence being again specifically denied by Louden, would be purely passive in nature whereas the installing of the Monorail System and the misuse of the Splice by Morrell contrary to good engineering practices and the specific instructions of Louden and the continuing nature of the allegedly unreasonably dangerous condition from 1957 until the Kossifos accident of August 20, 1935 would be active and affirmative in nature. and
>
> That any alleged proximate cause of injury to Kossifos would be distant and remote from any manufacture or sale of the component part by Louden but the installation and maintenance by Morrell would be a near and close proximate cause of the injury of Kossifos."

Pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 45), Morrell moved to dismiss the counterclaim, which motion was granted. Louden appeals from that order.

The sole issue presented to us on appeal, as conceded by Louden in its reply brief, is whether a manufacturer held strictly liable in tort may seek indemnity from a negligent intermediate third party.

Specifically, Louden contends that a manufacturer held strictly liable in tort for a plaintiff's injury should, in fairness, be able to seek indemnity from an intermediate third party whose negligent action, subsequent to the manufacturer's loss of control over the product, was the primary and more proximate cause of the injury, in a case where the plaintiff's rights and potential recovery are not affected.

Morrell, on the other hand, contends that the concept of strict liability, under Illinois law and the policy behind that law, precludes such indemnity. We agree. See *Burke v. Sky Climber, Inc.* (1973), 13 Ill.App.3d 498, 301 N.E.2d 41.

■■ Kossifos' amended complaint against Louden sounds in strict liability in tort. Louden's counterclaim against Morrell sounds in negligence. To impose strict liability on a manufacturer, a plaintiff "must prove that * * * [his] injury or damage resulted from a *condition* of the product, that the *condition* was an unreasonably dangerous one and that the *condition* existed at the time it left the manufacturer's control." (Emphasis ours.) (*Suvada v. White Motor Co.* (1965), 32 Ill.2d

612, 623, 210 N.E.2d 182.) In a cause of action based on ordinary negligence a plaintiff must show that a defendant owed the non-negligent plaintiff a duty of reasonable care and then either *failed to do* something which a reasonable careful person *would have done,* or *did* something which a reasonably careful person *would not have done* under circumstances identical to those in a given case. (Emphasis ours.) (*Haymes v. Catholic Bishop of Chicago* (1968), 41 Ill.2d 336, 339, 243 N.E.2d 203.) It is obvious that the basis of strict liability in tort is the condition of a product whereas the basis of negligence is the *conduct* of a person.

This distinction is manifest in the instant case. Kossifos' complaint against Louden seeks to impose liability on the ground that certain equipment was, at the time of its manufacture and at the time it left Louden's control, in an unreasonably dangerous condition. Louden, on the other hand, seeks to impose liability in its counterclaim against Morrell on the basis of Morrell's faulty installation, maintenance, and misuse of the same equipment.

■■ Clearly these are two fundamentally different types of torts. They are separate and distinct causes of action and the pleading and proof requirements for each are different. (*Mieher v. Brown* (1972), 3 Ill.App.3d 802, 278 N.E.2d 869.) In a strict liability situation, the conduct, as such, of the defendant-manufacturer is not in issue. (*Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill.2d 443, 266 N.E.2d 897.) In a negligence situation, the focus is not on the unreasonably dangerous condition of a product or instrument, but rather on the conduct of the defendant.

■■ Confusion is ever-present, of course, because of the fact that the condition of a product will always have been ultimately caused by the conduct, whether by commission or omission, of someone. But this interrelationship between the condition of the product and the conduct of the person must not be permitted to blur the basic distinction between the type of tort being alleged. Where the product is in an unreasonably defective condition, the conduct of the person who caused it to be in that condition may or may not have been negligent; whether that conduct was or was not negligent is irrelevant to strict product liability, because the liability is predicated solely on the condition of the product.

■■■ As a matter of public policy, Illinois still refuses to permit contribution between joint tortfeasors. But some exceptions exist to that policy on theories of indemnity. One such exception is the "active-passive negligence" theory of indemnity (as set forth, for example, in *Campbell v. Joslyn Manufacturing & Supply Co.* (1965), 65 Ill.App.2d 344, 212 N.E.2d 512), whereby one jointly negligent tortfeasor whose negligence is passive or secondary may seek indemnity from the other jointly negli-

gent tortfeasor whose negligence is the primary and active cause of a plaintiff's injury.[1] In the instant case Louden seeks to use that exception against Morrell. But the exception applies only where the two tortfeasors are tortfeasors owing to their respective negligences, because the theory essentially involves a comparing of negligences to determine the more causative fault of the same type. Here, however, Louden's potential liability is not based on negligence, and the theory is therefore inapplicable. The theory of "active-passive negligence" is not applicable to compare apples with oranges. See *Suvada v. White Motor Co., supra,* at page 624; and Mr. Justice Davis' concurring opinion in *Wessel v. Carmi Elks Home, Inc.* (1973), 54 Ill.2d 127, 295 N.E.2d 718.

## II.

We are aware, however, that, despite the inapplicability of the theory of "active-passive negligence", Louden is indeed asking us to compare apples with oranges and to create another exception to the policy against contribution between joint tortfeasors by holding that the tort of strict liability is a less culpable fault than the tort of ordinary negligence in terms of degree of social fault. Such an assessment, of course, must be made in the light of public policy, and the difficulty is that the assessment has already been made adversely to Louden's position. In *Suvada v. White Motor Co., supra,* the Illinois Supreme Court allowed indemnity against the strictly liable manufacturer of a brake system in favor of the negligent operator of a bus. The court stated its policy at page 619:

> "Without extended discussion, it seems obvious that public interest in human life and health, the invitations and solicitations to purchase the product and the justice of imposing the loss on the one creating the risk and reaping the profit are present and as compelling in cases involving motor vehicles and other products, where the defective condition makes them unreasonably dangerous to the user, as they are in food cases."

Commenting on this policy, the court in *Texaco, Inc. v. McGrew Lumber Co.* (1969), 117 Ill.App.2d 351, 254 N.E.2d 584, at page 358 said: "This statement manifests a strong public policy that insists upon the distribution of the economic burden in the most socially desirable manner, *even to the extent of ignoring the indemnitee's fault.*" (Emphasis ours.) See also *Wessell v. Carmi Elks Home, Inc., supra.*

In *Williams v. Brown Manufacturing Co.* (1970), 45 Ill.2d 418, 261 N.E.2d 305, the court held that a greater degree of culpability than ordi-

---

[1] We recognize that this exception does not literally result in a contribution, but rather shifts the entire burden from one to the other.

nary negligence on plaintiff's part was necessary in order to preclude recovery from a manufacturer strictly liable in tort. In holding that contributory negligence was not a bar to recovery in a strict product-liability action against a manufacturer, the court, in effect, designated strict product liability as a more serious tort than the tort of ordinary negligence. See also *Meador v. City of Salem* (1972), 51 Ill.2d 572, 284 N.E.2d 266.

## III.

We note that Louden in its counterclaim for indemnity against Morrell, sought indemnification on the basis, *inter alia*, that Morrell's "misuse" of the splice was the primary cause of Kossifos' injuries.

"Misuse" (as narrowly defined) of a product by a plaintiff may bar recovery on the basis of strict product liability. *Williams v. Brown Manufacturing Co.* (1970), 45 Ill.2d 418, 261 N.E.2d 305; *Vlahovich v. Betts Machine Co.* (1970), 45 Ill.2d 506, 260 N.E.2d 230.

In view of the availability of the "misuse by plaintiff" defense to strict product liability, one held strictly liable might conceivably attempt to assert "misuse" by an intermediate *third party* as a basis for indemnity against that third party.

■■ In this case, however, we decline to reach that issue, because the issue cannot be regarded as having been raised by the mere employment of the noun "misuse" in a counterclaim clearly designed solely to invoke the indemnity doctrine of "active-passive negligence". Nor has the counterclaimant included such issue among the points and authorities in its brief.

■■ We hold, therefore, that Louden's counterclaim against Morrell, based on the "active-passive negligence" theory of indemnity, was properly dismissed because that theory of indemnity is not available to one held to strict product liability. Conceptually, strict product liability is not a form of ordinary negligence; and policy-wise, the tort of strict product liability has been held to be a more serious tort than the tort of ordinary negligence. For these reasons, we affirm the trial court's dismissal of the counterclaim.

Affirmed.

STAMOS and DOWNING, JJ., concur.