511 F.2d 1027
 Donna SANZ, Administratrix of the Estate of Jacqueline
Kautzman, Deceased, and Dean A. Fisher,
Administrator of Estates of Duane G.
Fischer and Judith Fischer,
Deceased, Plaintiffs
and Appellants,
v.
RENTON AVIATION, INC., and Pleasure Fund Management Co.,
Inc., et al., Defendants and Appellees,
Ralph Kautzman, Executor of the Estate of Matthew L.
Kautzman, Deceased, Third-party Plaintiff and Appellee,
National Insurance Underwriters, Third-party Defendant and Appellee.
 No. 73--2787.
 United States Court of Appeals,
Ninth Circuit.
 Feb. 7, 1975.
 
 Dexter A. Washburn (argued), Seattle, Wash., for plaintiffs and appellant.
 Harold D. Johnson (argued), for Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for defendants and appellees.
 Before CHOY and GOODWIN Circuit Judges, and BURNS,* District Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Sanz and Fischer, personal representatives of the estates of persons killed in a light-plane crash, appeal the judgment of the district court in favor of the aircraft-rental company. The court found that the sole and proximate cause of the crash was pilot error, and that defendant Renton Aviation was not negligent in any respect causally related to the accident. We affirm.
 
 
 2
 The court found the sole proximate cause to be 'the careless and reckless operation of the aircraft by the deceased, Mr. Kautzman, operating the aircraft during the nighttime when he was not competent to do so * * *.' It also found that the pilot's failure to maintain normal flight was the result of his inability to cope with the absence of a visual natural horizon.
 
 
 3
 The limited record before us on appeal supports the conclusion of the trial court. The aircraft-rental agreement expressly prohibited night flight, and Renton Aviation personnel told the pilot that the plane was to be operated during daylight hours only.
 
 
 4
 The plaintiffs assert that Kautzman was not currently qualified to fly passengers even in daylight by reason of certain deficiencies in his flight experience apart from his total lack of night flying experience. The plaintiffs then argue that Kautzman's pilot-in-command deficiencies could have been discovered by greater diligence on the part of the rental company's agents, and that the failure to make the proper inquiries was negligence, both as a matter of law and as a matter of fact on the evidence in this case.
 
 
 5
 We do not reach the question of the degree of interrogation and documentation required of prospective renters to satisfy a rental company's duty of care to persons likely to be harmed by the failure of the pilot to exercise due care. Here, the trier found, on a record which makes the finding not clearly erroneous, that pilot error was the sole cause of the harm to the passengers. That being the case, it is immaterial whether in some respect not shown to be a proximate cause of the crash, one or more acts or omissions of the rental agency may have constituted a breach of some duty.
 
 
 6
 Alternatively, plaintiffs argue that even if the pilot's negligence was the sole proximate cause of the accident they may recover from Renton Aviation under a theory that the Federal Aviation Act of 1958, 49 U.S.C. § 1301 et seq., makes Renton Aviation liable without fault as an 'operator'. The plaintiffs contend that the owner-lessor of an aircraft violates the law whenever a user violates the law, and therefore the plaintiffs have a cause of action against the owner for any injuries resulting from the negligent operation of the aircraft by the pilot-lessee. This argument is somewhat like the family-purpose doctrine in automobile cases. But it is based upon the following statutory and regulatory provisions:
 
 49 U.S.C. § 1301(26):
 
 7
 "Operation of aircraft' or 'operate aircraft' means the use of aircraft, for the purpose of air navigation and includes the navigation of aircraft. Any person who causes or authorizes the operation of aircraft, whether with or without the right of legal control (in the capacity of owner, lessee, or otherwise) of the aircraft, shall be deemed to be engaged in the operation of aircraft within the meaning of this chapter.'
 
 49 U.S.C. § 1430(a):
 
 8
 'It shall be unlawful--
 
 
 9
 '* * *ll
 
 
 10
 '(5) For any person to operate aircraft in air commerce in violation of any other rule, regulation, or certificate of the Administrator under this subchapter * * *.'
 
 14 C.F.R. § 91.9:
 
 11
 'No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.'
 
 
 12
 We are not persuaded that Congress intended the quoted statutes to be pieced together to create a federal cause of action in favor of all members of the public who suffer injury, from whatever cause, through the use of a rented aircraft. We distinguish Gabel v. Hughes Air Corp., 350 F.Supp. 612, 615 (C.D.Cal.1972), where the violation of the statutory duty by Hughes, a common carrier, caused the injury.
 
 
 13
 Had Congress desired that civil liability be extended to nonnegligent owners when a user was shown to have flown recklessly, it could have expressly so provided. The public policy underlying the Act which might support the implication of such a civil remedy is that pertaining to the 'promotion of safety in air commerce'. 49 U.S.C. § 1302(e). 'Safety', however, would not be greatly advanced by holding liable as an insurer a nonnegligent owner-lessor. Where the negligence of a pilot not in an agency relationship with the owner is the sole cause of the accident, there is no reason to impose no-fault liability upon the owner. If the owner negligently entrusts the aircraft, that is another matter. In the trial below, the plaintiffs failed to plead and prove negligence in entrusting the leased aircraft to an unqualified pilot.
 
 
 14
 We hold that Congress, in enacting 49 U.S.C. § 1301(26), merely intended to subject owners equally with pilots to the rules, regulations, and penalties provided in the Act, and not to make them civilly responsible for pilot-lessee negligence. Lockwood v. Astronautics Flying Club, Inc., 437 F.2d 437, 439 (5th Cir. 1971); see McCord v. Dixie Aviation Corp., 450 F.2d 1129, 1130--31 (10th Cir. 1971).
 
 
 15
 The judgment is affirmed.
 
 
 
 *
 The Honorable James M. Burns, United States District Judge for the District of Oregon, sitting by designation