**William KUZIW, Plaintiff,**

v.

**LAKE ENGINEERING COMPANY, a Division of Arlo Manufacturing Corporation, a corporation, et al., Defendants.**

**LAKE ENGINEERING COMPANY, a Division of Arlo Manufacturing Corporation, a corporation, and Economy Baler Corporation, a corporation, Third-Party Plaintiffs,**

v.

**BELL & HEFTNER, INC., et al., Third-Party Defendants.**

**No. 71 C 253.**

United States District Court, N. D. Illinois, E. D.

June 6, 1975.

See also D.C., 385 F.Supp. 827.

Alan E. Morrill, Morrill, Koutsky, Klomann & Chuhok, Chicago, Ill., for plaintiff.

George E. Sweeney, Kralovec, Sweeney, Marquard & Scoby, John F. Laughlin, Price, Schlager, Burgeson & Laughlin, Jerome M. Brooks, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause comes before the Court on the motion of third party defendants to reconsider its earlier motion to dismiss the third party complaint. The Court, in a previous opinion by another judge, denied third party defendants' motion to dismiss, thereby permitting the third party complaint to stand on an indemnity theory of active-passive negligence. In denying that motion, the Court failed to recognize differences between actions in strict liability and actions in negligence. Consequently, the motion to reconsider dismissal of the third party complaint is granted.

Plaintiff in his complaint seeks redress for personal injuries sustained by him while operating a certain baling machine manufactured by defendant Lake, containing a component part manufactured by defendant Fluid Power, and sold by defendant Economy Baler.

The complaint sounds in strict liability, alleging that: the machine was "not reasonably safe"; the condition existed at the time the machine left defendant manufacturer's control; and the condition was due to a defect in design or

manufacture of a certain valve, which was the proximate cause of plaintiff's injuries.

Defendants Lake Engineering Company and Economy Baler Corporation have filed a third party complaint against Bell & Heftner, Inc., and Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, plaintiff's employer. Gist of the complaint is that through various acts of negligence, lack of maintenance or misuse, third party defendants rendered the baler unsafe, and that therefore third party defendants were actively negligent and should indemnify the primary defendants should they be found liable.

Jurisdiction is invoked under diversity of citizenship and Illinois law is applicable. The question is whether a third party complaint seeking indemnity from a user, and predicated upon an active-passive negligence theory, may properly be filed in an action based on strict liability.

Under Illinois law one negligent tortfeasor may seek indemnification from another negligent tortfeasor on grounds that the latter's negligence was primary and active and the former's negligence only secondary and passive. Illinois does not permit contribution among joint tortfeasors, and indemnification enables shifting the burden of liability to the party primarily responsible for the acts complained of. The indemnity concept involves qualitative determinations of relative fault.

Strict liability in tort, however, is not predicated upon a finding of negligence of any defendant; but rather a determination that plaintiff's injury occurred as a result of an unsafe condition of the product that existed at the time it left the manufacturer's control. The fact that another party may have acted to make the product more unsafe, or that plaintiff himself in some way negligently contributed to his own injury, is no defense so long as the unsafe condi-

tion attributed to the manufacturer is the proximate cause of plaintiff's injury.

Defendant manufacturer may allege that the intervening act of another party or plaintiff himself was the proximate cause of the injury complained of. Proof of same would be a complete defense to the action. It is not, however, a basis upon which a third party user may be brought into the action. Indemnity is not obtainable in strict liability cases as against the user. In Illinois proximate causation may be asserted only as a defense and cannot be the basis, in strict liability actions, for a third party complaint seeking to shift liability. *Burke v. Sky Climber*, 57 Ill. 2d 542, 316 N.E.2d 516 (1974); *Kossifos v. Louden,* 22 Ill.App.3d 587, 317 N. E.2d 749 (1974); *Stanfield v. Medalist Industries,* 17 Ill.App.3d 996, 309 N.E.2d 104 (1974); *Wells v. Web Machinery,* 20 Ill.App.3d 545, 315 N.E.2d 301 (1974).

Defendants rely upon dicta in *Kossifos, supra.* wherein the court stated:

> In view of the availability of the "misuse by plaintiff" defense to strict product liability, one held strictly liable might conceivably attempt to assert "misuse" by an intermediate third party as a basis for indemnity against that third party. 22 Ill.App. 3d at 593.

This suggested legal theory was never considered by the court in that case. However, defendants have filed an amended third party complaint incorporating the above suggestion from *Kossifos, supra,* so this Court is obliged to reach the issue.

The "misuse" (by plaintiff) defense to a strict liability action is analogous to the contributory negligence defense to a negligence action. In each case plaintiff's acts or omissions, if established, will defeat recovery. It does not follow, however, that because there are similarities as to particular defenses, options available under one legal theory neces-

sarily are applicable under another. As to indemnity, Illinois courts have seen fit to treat actions in strict liability differently than negligence actions. The courts have not looked to relative fault, or attempted to determine active and passive conduct in strict liability cases. The test is whether the alleged defect existed, and whether that defect caused plaintiff's injury. The court in *Stanfield v. Medalist Industries, supra.* said:

> We conclude, therefore, that actions founded on strict liability for defective and unreasonably dangerous products are outside the active-passive theory of indemnity. Hence, third party actions for indemnity against a subsequent user are not maintainable by the manufacturer or seller of the defective product.

 Illinois courts have determined strict liability in products cases to be a more serious tort than ordinary negligence.[1] Consequently this Court cannot extend the availability of indemnity against the user, absent some clear indication from the Illinois courts that it would be their intention to do so. A reading of relevant Illinois cases indicates such would not be their intention, notwithstanding the hypothetical mentioned in *Kossifos. Burke v. Sky Climber, supra.; Stanfield v. Medalist Industries, supra* and *Wells v. Webb Machinery, supra.*

The complaint in the instant action seeks to impose liability on defendant manufacturers based solely on the condition of the baling machine when it left their control. Defendants' claim of misuse by the user (incidentally, plaintiff's employer) states only a defense, but does not establish the relationship necessary for indemnity in a strict liability action.

Third party defendants' motion to dismiss the third party complaint is granted.

1. *Kossifos v. Louden,* 22 Ill.App.3d 587, 317 N.E.2d 749 (1974) ; *Liberty Mutual Ins. Co. v. Williams Machine,* 21 Ill.App.3d 510, 316

N.E.2d 255 (1974) ; *Williams v. Brown,* 45 Ill.2d 418, 261 N.E.2d 305 (1970).