LA JUNE VASSOLO, Plaintiff, *v.* COMET INDUSTRIES, INC., Defendant.—
(COMET INDUSTRIES, INC., Third-Party Plaintiff-Appellant, *v.* LESLIE-
LOCKE BUILDING PRODUCTS COMPANY, INC., Third-Party Defendant-
Appellee.)

First District (4th Division) No. 60466

Opinion filed December 17, 1975.

Judge, Hunter & Schirott, of Park Ridge (Robert D. Kolar, of counsel),
for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Edward J.
Zulkey, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Third-party plaintiff, Comet Industries, Inc., appeals from an order granting the dismissal of its third-party complaint, brought against Leslie-Locke Building Products Company, Inc., seeking indemnification. The facts are as follows.

Salvatore Vassolo (hereinafter referred to as "decedent"), an employee of Leslie-Locke Building Products Company, Inc., sustained injuries resulting in his death while operating a Saturn, three-stage, thermo forming machine. Plaintiff, the administratrix of the estate, sued Comet Industries, Inc., the manufacturer and seller of the machine, alleging that certain defects existed which made the machine unreasonably dangerous and proximately caused the death of the decedent.

Plaintiff alleged that the decedent was using the machine in the manner in which it was intended to be used and that the machine was defective and unreasonably dangerous at the time it left the possession of Comet Industries, Inc. The complaint listed five specific defects:

(1) the absence of enclosures around the machine which would impede entry into the immediate area of the machine during its operation;

(2) the absence of electrical shut-off devices on the aforementioned enclosures necessary to achieve a stop in the automatic operation of the machine should a person enter the enclosed area;

(3) the absence of photo electric circuitry surrounding the machine which would cause its automatic operation to cease should a person enter the enclosed area;

(4) the absence of additional "panic" buttons or switches in the immediate area of the machine by which all power to it could be cut off; and

(5) the capability of the machine to operate on its automatic cycle during the set-up periods in which it is being prepared to do a specific molding job.

Comet Industries (hereinafter third-party plaintiff) filed a third-party complaint against Leslie-Locke, third-party defendant, seeking indemnification for any and all judgments entered against it as a result of the original action. The third-party complaint alleged that the machine was in a safe condition when it left Comet's premises and that it only became unsafe after it came into the control of third-party defendant. Any liability to the plaintiff was said to be purely passive and technical. The following wrongful acts on the part of third-party defendant were alleged to have caused the machine to become defective and unreasonably dangerous.

(1) its selection of the area for installation of the machine in its plant;

(2) its supervision and total control over the set up and installation of the machine and its design or failure to design, and install enclosures necessary for safe operation;

(3) its failure to equip such enclosures with any electrical shut-off devices and electrical circuitry so as to stop the automatic operation of the machine when a person entered the enclosed area;

(4) its failure to design, plan and install panic buttons or switches; and

(5) its failure to properly train, supervise and control the operation of the machine and to properly instruct its employees in the correct operation of the machine and to promulgate safety rules.

The third-party complaint also alleged that the decedent had been permitted to operate the machine for a different purpose and in a different manner than that intended.

Third-party defendant moved to dismiss the third-party complaint for failure to state a cause of action. The motion was predicated on the decision in *Burke v. Sky Climber, Inc.* (1974), 57 Ill.2d 542, 316 N.E.2d 516, which it interpreted as holding that a manufacturer has no legal foundation for seeking indemnification against a user on an active-passive theory or any other theory. It was submitted that if plaintiff recovered, liability could only have been based on breach of warranty or strict liability theory for manufacturing a defective product.

The trial judge granted third-party defendant's motion to dismiss. Third-party plaintiff then moved to file an amended complaint to state a cause of action under *Rios v. Niagara Machine & Tool Works* (1973), 12 Ill.App.3d 739, 299 N.E.2d 86, which was said to constitute an exception to the *Burke* rule. Leave to amend was granted.

In its amended third-party complaint, Comet alleged, in relevant part, that if the machine was unreasonably dangerous at the time of the accident, it was only dangerous when used to perform some of its many functions without a suitable type of safety device. A duty was said to rest upon third-party defendant to supply protective measures and devices, and to provide proper training, supervision and control of its operators. Third-party defendant's conduct in performing or failing to perform was alleged to be active misconduct, while that of third-party plaintiff was mere passive or technical negligence.

The amended third-party complaint was also dismissed and third-party plaintiff has appealed to this court. The sole issue presented for review is whether a manufacturer of machinery may maintain a third-party ac-

tion against the purchaser when an employee of the purchaser is injured as a consequence of the safety devices (or lack of them) installed by the purchaser.

■■ The Civil Practice Act permits third-party actions to be brought by a defendant against a person, not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him. (Ill. Rev. Stat. 1971, ch. 110, § 25.) The third-party plaintiff must allege facts and not mere conclusions for the existence of the duty to indemnify. (*Gillette v. Todd* (1969), 106 Ill.App.2d 287, 292, 245 N.E.2d 923.) However, an implied contract of indemnity arises in favor of a person who, without fault on his part, has been placed in a position of potential liability by the act or omission of the person from whom he is seeking indemnification. *Muhlbauer v. Kruzel* (1966), 78 Ill.App.2d 343, 347, 223 N.E.2d 227, *aff'd* (1968), 39 Ill.2d 226, 234 N.E.2d 790.

■■ This right to obtain indemnity does not exist where both parties are joint tortfeasors for the obvious reason that Illinois does not permit contribution among joint tortfeasors. Nonetheless, an exception to the no contribution rule appears in indemnity actions where the party who may be compelled to pay damages is only technically or constructively at fault. In such a case, the tortfeasor whose negligence is merely "passive" may be permitted to obtain indemnification from an actively negligent tortfeasor. *Gillette v. Todd* (1969), 106 Ill.App.2d 287, 290, 245 N.E.2d 923; *Sargent v. Interstate Bakeries, Inc.* (1967), 86 Ill.App.2d 187, 197, 229 N.E.2d 769.

Third-party plaintiff claims that the instant case falls within this exception. It is alleged that the machine as manufactured was not defective but only became defective when third-party defendant improperly integrated it into the larger working mechanism and outfitted it with safety devices chosen to be appropriate to its overall plan. Third-party plaintiff contends that these acts amounted to active misconduct, while its own acts could only be considered as passively culpable at most—its "culpability" being limited to the manufacture of a nondefective product which was sold to third-party defendant who was to engineer a finished installation.

We believe that third-party plaintiff's attempt to come within the purview of the active-passive negligence exception is both artificial and irrelevant to a proper disposition of the case. The original complaint is not based on a negligence theory; that is, it is not alleged that an act of negligence on the part of the defendant (third-party plaintiff) caused the injury. Instead, plaintiff has founded her cause of action on a strict liability theory, alleging that the machine was in a defective and un-

reasonably dangerous condition when it left third-party plaintiff's possession.

A manufacturer who sells a product in a defective condition unreasonably dangerous to the user is subject to liability for physical harm thereby caused, notwithstanding the fact that he has exercised all possible care. (Restatement (Second) of Torts § 402A (1965); *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 623, 210 N.E.2d 182.) Since the basis of strict liability is the defective condition of the product—not negligence on the part of the manufacturer—a decision applying strict liability theory eliminates the fault-weighing process of active-passive negligence. *Texaco, Inc. v. McGrew Lumber Co.* (1969), 117 Ill.App.2d 351, 357, 254 N.E.2d 584; *Kossifos v. Louden Machinery Co.* (1974), 22 Ill.App.3d 587, 592, 317 N.E.2d 749.

In *Burke v. Sky Climber, Inc.* (1974), 57 Ill.2d 542, 316 N.E.2d 516, an employee of the Chicago Housing Authority (C.H.A.) sustained fatal injuries when he fell from a scaffold. An action was brought against the manufacturer of the scaffold, Sky Climber, Inc., alleging that the accident was caused by its careless and negligent design, manufacture and sale of a defective scaffold. Sky Climber filed a third-party complaint against C.H.A. in which it alleged that C.H.A.'s negligence was responsible for the accident in failing to properly maintain and inspect the scaffold. It averred that any liability on its part was only technical or passive, while C.H.A. was actively negligent. The Supreme Court affirmed the dismissal of the third-party complaint for failure to state a cause of action. Since the original complaint sought to impose liability based solely on the condition of the scaffold when it left Sky Climber's control, the court concluded that the third-party complaint had alleged a defense and had not established the requisite relationship for an indemnity action.

Third-party plaintiff attempts to distinguish *Burke* on the ground that the third-party complaint there alleged only that the third-party defendant was negligent in failing to maintain the product and discover defects. It is alleged here that third-party defendant had a duty to properly attach the requisite safety features to a nondefective machine. *Rios v. Niagara Machine & Tool Works* (1973), 12 Ill.App.3d 739, 299 N.E.2d 86, is cited as support for the proposition that a third-party action may be maintained against an employer for failure to provide safety devices for secondary functions. However, *Rios* did not involve a third-party action but a manufacturer's defense to an injured plaintiff's claim. The issue was whether the defendant could be held strictly liable for failure to attach certain safety devices. The court concluded that a manufacturer of a multipurpose machine did not have a duty to furnish a number

of safety devices which might be required for safe operation for all its functions. While the holding in *Rios* might present a defense[1] to the original action, it is clearly not sufficient to establish a duty to indemnify third-party plaintiff for strict liability for the manufacture and sale of a defective product. Accordingly, we conclude that a third-party complaint fails to state a cause of action for indemnity where the original suit is based on the alleged strict liability of the manufacturer and the indemnity action is based on the alleged negligence of the user.

The courts in *Kossifos v. Louden Machinery Co.* (1974), 22 Ill.App.3d 587, 317 N.E.2d 749, and *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill.App.3d 996, 309 N.E.2d 104, have reached similar conclusions. In *Kossifos*, the issue was whether a manufacturer held strictly liable in tort could seek indemnity from a negligent intermediate third party, the employer of the plaintiff. The court refused to permit the third-party plaintiff to recover under the active-passive negligence theory exception.

> "* * * [T]he exception applies only where the two tortfeasors are tortfeasors owing to their respective negligences, because the theory essentially involves a comparing of negligences to determine the more causative fault of the same type. Here, however * * * potential liability is not based on negligence, and the theory is therefore inapplicable." 22 Ill.App.3d 587, 592.

The plaintiff in *Stanfield* was seriously injured while operating for the first time a machine purchased by her employer from the defendant-manufacturer. An indemnity action was brought against the employer on the active-passive exception, alleging that adequate instructions or supervision had not been given to the employee who, being inexperienced, had not used it properly. In reviewing the denial of the third-party defendant's motion to dismiss, the court stated at pages 999-1000:

> "* * * [T]hat the basis of liability is the putting into the stream of commerce of a defective and dangerous product and that the liability proceeding therefrom is not based on ordinary negligence but is based on the consideration of protecting the public from such products. In such cases there is no active-passive negligence relationship between the parties upon which the doctrine of indemnity can operate."

Under *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 623, 210 N.E. 2d 182, a plaintiff in a strict liability case must prove that the product

---

[1] We note that the Supreme Court decision in *Rios v. Niagara Machine & Tool Works* (1974), 59 Ill.2d 79, 319 N.E.2d 232, did not accept this theory as dispositive of the question.

was defective and unreasonably dangerous at the time it left the manufacturer's control. If the machine was not defective when it left third-party plaintiff's hands, strict liability could not attach and, consequently, no indemnity action would be necessary. However, even if strict liability attached, the right to obtain indemnity would still not exist because of the policy of *Suvada* which "insists upon the distribution of the economic burden in the most socially desirable manner, even to the extent of ignoring the indemnitee's fault." *Texaco, Inc. v. McGrew Lumber Co.* (1969), 117 Ill.App.2d 351, 358, 254 N.E.2d 584.

We also point out that the mere fact that third-party defendant would be liable to plaintiff if plaintiff had sued it alone or jointly with the original defendant is not a sufficient basis for indemnity. A defendant is permitted to implead only a person who is or may be liable to him for plaintiff's claim; he cannot tender a new defendant to the plaintiff. *Muhlbauer v. Kruzel* (1968), 39 Ill.2d 226, 230, 234 N.E.2d 790.

For the foregoing reasons, the order dismissing the third-party complaint is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.